IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY T. WOODS, # 224279, | ) |
| | ) |
|     Plaintiff, | ) |
|   vs. | )   CASE NO. 2:07-CV-173-ID |
| | )        [WO] |
| STATE OF ALABAMA DEPT OF, | ) |
|  CORRECTIONS, ET AL., | ) |
| | ) |
|     Defendants. | ) |

## ANSWER AND SPECIAL REPORT

Defendants Richard Allen and Horace Burton, (hereinafter referred to collectively as "Defendants") by and through counsel, file this Answer and Special Report to Plaintiff's Complaint, as ordered.

## EVIDENTIARY SUBMISSIONS
## IN SUPPORT OF RESPONDENT'S MOTION

1. Affidavit and attachments of Captain Horace Burton

## PETITIONER'S ALLEGATIONS

The Petitioner, an inmate in the Alabama Department of Corrections, incarcerated at the Frank Lee Youth Center, alleges that the defendants have violated his equal protection rights by treating him differently from other inmates by having inconsistent decisions in the disciplinary process. He attempts to draw a "similarity" between his disciplinary "adjudication" with sanctions, and the disciplinary "citation" of inmate Steven Walters.

The relief sought by Woods appears to be injunctive only, and not for damages.

**INVESTIGATIVE RESULTS**

Defendant Richard Allen is the Commissioner of the Alabama Dept. of Corrections, and knows nothing about the incidents alleged in petitioner's complaint.

On February 13, 2007, in a shakedown, $35.00 in U.S. Currency was found hidden in the shoe tongue of inmate Woods. Woods readily stated that the money belonged to him, and that he had had the money for a long time. (See Incident Report, Burton affidavit).

Disciplinary proceedings were initiated against Woods, and a due process hearing was held on February 22, 2007. (Burton affidavit and Disciplinary Report attachment). Woods pled "guilty" in writing, and admitted the same during the hearing. However, he then changed his story to the extent that he claimed that these were new shoes and the money was in the new shoes unbeknownst to him. (See Disciplinary Report).

The assigned hearing officer, after hearing the testimony, made a finding that Woods was in possession of contraband, and recommended a 30 day loss of privileges, 30 days of extra duty, and no loss of good time. (See Disciplinary Report). The recommendations were approved.

On January 31, 2007, inmate Steven Walters was adjudged guilty of possessing a hooded sweatshirt, and the hearing officer recommended 60 days of loss of privileges and 60 days of extra duty, which were stiffer penalties than those imposed on petitioner Woods. Upon review, Walters' sanctions were reduced to 30 days loss of privileges (same as Petitioner), and the extra duty was eliminated. (See Walters Behavior Citation).

**ANSWER**

The Defendants assert the following defenses to the Plaintiff's claims:

1. The Defendants deny each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

2

2. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. The Defendants cannot be held liable on the basis of *respondeat superior*, agency, or vicarious liability theories.

4. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

5. The allegations contained in the Plaintiff's Complaint against the Defendants, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See Oladeinde v. City of Birmingham,* 963 F. 2d 1481, 1485 (11th Cir. 1992); *Arnold v. Board of Education Of Escambia County,* 880 F. 2d 305, 309 (11th Cir. 1989).

6. The Defendants plead all applicable immunities, including but not limited to sovereign, qualified, absolute, discretionary function, state agent, and statutory law enforcement officer immunity.

7. All claims of the Plaintiff against these Defendants in their official capacity are barred by the Eleventh Amendment to the United States Constitution.

8. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e (a) and as such these claims should be dismissed.

9. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.

Pursuant to 28 U.S.C. § 1915 A, this court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e) (c).

## ARGUMENT

### *COMMISSIONER RICHARD ALLEN*

As against Defendant Commissioner Richard Allen, plaintiff's complaint itself recognizes that, as evidenced by the absence of any assertions of acts or omissions against him, his duties were those of a supervisory nature, only. If at all, this claim is based upon the theory of *respondeat superior*, which is unavailable under Section 1983. *Farrow v. West* 320 F3d. 1235 (11thCir.2003).

### *EQUAL PROTECTION*

Defendants contend that petitioner fails to state a claim under any theory of equal protection., based upon a line of decisions which have held that violations of the Equal Protection Clause are limited to instances of purposeful or intentional discrimination, rather than erroneous or even arbitrary administration of authority. See *Snowden v. Hughes,* 321 U.S. 1, 8, 64 S. Ct. 397, 88 L. Ed. 497 (1944). "Absent any allegation of a discriminatory purpose, a mere failure of those who administer the law to treat equally all persons who violate the law does not constitute a denial of the constitutional right to equal protection." *Harrington v. United States,* 673 F. 2d 7 (1st Cir. 1972)(citations omitted). See also *E & T Realty v. Strickland,* 830 F. 2d 1107(11th Cir. 1987). Petitioner has failed to plead any suggestion that the alleged actions of defendants were intentional, purposeful and based upon any recognized and protected class.

It should go without saying that corrections officers must make decisions on a daily basis as part of their duties. The courts have long recognized the need to protect government employees who are charged with the responsibility of exercising their judgment in making such decisions. Captain Burton looks at disciplinary recommendations almost daily, and is charged with applying his judgment. He made the determination that the facts in petitioner Woods case justified the

recommendations handed down by the hearing officer. It is no insignificant fact that petitioner Woods went to considerable lengths to hide the money and then lied about it. It is no stretch to conclude that, in a prison environment, the possession of $35.00 in U.S currency could lead to any number of serious "purchases", such as drugs and\or weapons. Is that significantly different from a hooded sweatshirt? This writer submits that it is. In spite of the significant difference in the severity of the incidents that Woods wants the court to compare, the actual sanctions were not significantly different.

Common sense dictates that he should be able to use his discretion in reviewing and passing on disciplinary recommendations. More importantly, though, the Department of Corrections gives him that discretion, which is found in AR 403, in conjunction with AR 414. (See Burton affidavit and attachments).

## **IMMUNITY**

Woods makes no monetary claims against these defendants. He only complains that "something be done about the favoritism and discrimination that be shown toward inmates…", which sounds in injunctive relief. Therefore, defendants will not burden the court with unnecessary immunity arguments. But defendants reserve the right to argue them at a later time if petitioner ever amends and\or modifies his complaints to assert any such claims.

## **CONCLUSION**

The Petitioner does not, with any specificity, allege any actions or inaction on the part of Defendants which would subject them to liability under 42 U.S.C. Section 1983. He completely fails to establish an equal protection violation by any of these defendants. And he fails to establish an entitlement to any injunctive relief.

Woods' petition is due to be dismissed.

Respectfully submitted,

/s/ Neal P. Conner_____
NEAL P. CONNER (CONN2024)
ASSISTANT GENERAL COUNSEL

**ADDRESS OF COUNSEL:**

Alabama Department of Corrections
Legal Division
Post Office Box 301501
301 South Ripley Street
Montgomery, AL   36130-1501
(334)353-3889

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 27th day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system,

And I hereby certify that I have mailed a copy of the forgoing via United States Mail properly addressed, postage prepaid first class to:

Tony Woods
AIS # 224279
Frank Lee Youth Center
P.O. Box 220410
Deatsville, AL.  36016

/s/ Neal P. Conner_____
NEAL P. CONNER (CONN2024)
ASSISTANT GENERAL COUNSEL

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONY TERRELL WOODS, # 224279 | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO.2:07-CV-173-ID |
| vs. | ) | [ WO] |
| | ) | |
| STATE OF ALABAMA DEPT. OF CORRECTIONS, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said county and State of Alabama at large, personally appeared Horace Burton, Jr., who being known by me and first duly sworn, deposes and says on oath as follows:

My name is Horace Burton, Jr. and I am presently employed as a Correctional Captain with the Department of Corrections, at Frank Lee Youth Center, Deatsville, Alabama. I am over twenty-one (21) years of age. By my signature below, I certify that the statements therein are true to the best of my knowledge.

I have not discriminated against inmate Tony Woods, AIS# 224279, in any way. Nor has his due process been violated. I disapproved a disciplinary on Steven Walters for bringing in a hooded sweatshirt, who he said he thought belonged to a friend. Still, though I directed that a Citation be written on inmate Walters for Possession of Contraband. See attached Incident Report and Citation on Inmate Walters. I am authorized under Administrative Regulations 403

Section VI to adjudicate a violation as a Citation instead of a Disciplinary based on circumstances. See Attached portion of AR 403, Page 8 of 23. Favoritism does not play a role in these decisions. As the plaintiff indicated, inmate Walters is not the only inmate who has benefited from this authority. Many other inmates have had violations adjudicated as a Citation instead of a Disciplinary at various stages. Due Process was afforded inmate Woods from the beginning of the Disciplinary process to the end where I approved the findings and the punishments. See attached Disciplinary Report on inmate Woods. I did not direct that inmate Woods' violation be adjudicated as a Citation because the circumstances of his violation dictated that he deserved a Disciplinary. See attached Incident Report, as well as the Findings by the Hearing Officer depicted on the Disciplinary Report.

This, I do hereby certify and affirm to on the 23rd day of March, 2007.

*[signature]*

Horace Burton, Jr.
Frank Lee Youth Center


STATE OF ALABAMA)
ELMORE COUNTY   )

Sworn to and subscribed before me and given under my hand and official seal this the 23rd day of March 2007.

*[signature]* Kadian Konysha Holmquest
Notary Public

4-4-10
My Commission Expires

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT

| 1. Institution: Frank Lee Youth Center | 2. Date: 2-13-2007 | 3. Time: 4:57 p.m. | 4. Incident Number: FLYC 07-085 | Class Code: C |
|---|---|---|---|---|
| 5. Location Where Incident Occurred: Shakedown room | | 6. Type of Incident: Rule Violation #64 Possession of Contraband | | |
| 7. Time Incident Reported: 5:03 p.m. | | 8. Who Received Report: Lt. Janet Hicks | | |

9. Victims:   Name                                      AIS
a.   N/A                                          No.
b.                                                No.
c.                                                No.

10. Suspects:  Name                AIS
a. Tony Woods          No. B224279
b.                     No.
c.                     No.
d.                     No.
e.                     No.

11. Witnesses: Name              AIS
a. N/A                 No.
b.                     No.
c.                     No.
d.                     No.
e.                     No.
f.                     No.
g.                     No.

PHYSICAL EVIDENCE:

12. Type of Evidence
   US currency

13. Description of Evidence:
   $35 in U.S. Currency: (1) Twenty dollar bill serial #EA69902525E, (1) Ten dollar bill serial #DA49954287A and (1) Five dollar bill, serial #BG25589134A

14. Chain of Evidence:
a. inmate Tony Woods BM/224279 right tennis shoe tongue
b. Sgt. Nathan Parrish
c. Lt. Janet Hicks
d. Business Office for placement on PMOD
e.

15. Narrative Summary: On February 13, 2007, at appproximately 4:57 p.m., Sgt. Nathan Parrish was assisting with the squad check-ins as the inmates checked in from Elmore County Highway community squad. Sgt. Parrish conducted a strip search of inmate Tony Woods, BM/224279, and conducted a search of his (inmate Woods) clothing and shoes. Sgt. Parrish confiscated $35 in US currency (1- $5 bill, serial #BG25589134-A, 1-$10 bill, serial #DA49954287-A and 1-$20 bill, serial #EA69902525-E) concealed inside the tongue of inmate Woods' right tennis shoe. Sgt. Parrish completed the search, no other contraband was found. At approximately 5:03 p.m., Sgt. Parrish escorted inmate Woods to the office and reported the incident to Lt. Janet Hicks. Inmate Woods stated that the money belonged to him that he had the money for a long time. Inmate Woods further stated that he found the money while picking up trash along the highway. Lt. Hicks verbally reprimanded inmate Woods, informed him that he would receive a disciplinary for violation of Rule #64, Possession of Contraband and that he would be removed from the squad. Inmate Woods was released to his assigned dorm. A money confiscation form was completed (see attachment) and the money was placed in the Business Office for

Distribution: ORIGINAL AND ONE (1) COPY to Central I & I Division     COPY to Deputy Commissioner of Operations (Class A and B ONLY)
COPY to Institutional File                                             COPY to Central Records Office

ADOC Form 302-A – June 1, 200

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution: **FRANK LEE YOUTH CENTER** | Incident Number: **FLYC 06- 085** | Class Code: **C** |
|---|---|---|
| Date: 02-13-07 | Type of Incident: #64, Possession of Contraband | |

Narrative Summary (Continued) Page No. 2

placement on inmate Woods' PMOD account, to be frozen until his release. No further action taken at this time.

_____
Sgt. Nathan Parrish

ADOC Form 302-B – June 1, 2005

# FOUND / CONFISCATED MONEY

INSTITUTION: FRANK LEE YOUTH CENTER   CASE NUMBER: _____
DATE: 2/13/07   TIME: 4:57p
LOCATION FOUND: (R) tennis shoe tongue
INMATE: Tony Woods   AIS# B/224279
INMATE: N/A   AIS# _____
INMATE: _____   AIS# _____
TYPE OF EVIDENCE: $35 in US Currency
DESCRIPTION OF EVIDENCE: (1) $5 bill, (1) $10 bill + (1) $20 bill

| Bill amount (1,5,10,20 etc) | Number of bills | Serial numbers | Serial numbers | Serial numbers | Serial numbers | Serial numbers |
|---|---|---|---|---|---|---|
| $5 | 1 | BG25586134A | | | | |
| $10 | 1 | DA-49954287A | | | | |
| $20 | 1 | EA-16902525E | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| Coins Total Amount | 0 | | | | | |

DOES THE INMATE CLAIM THIS MONEY?   ✓ YES   ___ NO
DO WE NEED TO FREEZE THESE FUNDS IF INMATE CLAIMS.   ✓ YES   ___ NO
IF INMATE DOES NOT CLAIM DO WE NEED TO DEPOSIT TO ICF FUNDS.   ___ YES   ✓ NO

CHAIN OF EVIDENCE:   (Signature) _[signature]_
DATE: 2/13/07   TIME: 5:10p

(Signature) Lt. Janet Dick   to Business Office
DATE 2/13/07   TIME 5:15p

Attachment 1 to FLYC SOP D-4





ALDOC Form 225B

**ALABAMA DEPARTMENT OF CORRECTIONS**
**DISCIPLINARY REPORT**

1. Inmate: **Tony Woods**   Custody: **Minimum**   AIS: **BM/224279**

2. Facility: **FRANK LEE YOUTH CENTER**

3. The above named inmate is being charged by **Sgt. Nathan Parrish** with violation of rule number **64**, specifically **Possession of Contraband** from regulation # **403** which occurred on or about **February 13**, 20 **07** at (time **4:57** (am / pm), Location: **FLYC Shakedown Room**. A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: **You, inmate Tony Woods, BM/224279, checked in from a community squad with $35 in US currency concealed inside your right tennis shoe tongue.**

   02/13/07
   Date                                    Arresting Officer / Signature / Rank

5. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his/her right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the **13th** day of **Feb**, 20**07** at (time) **8:55** (am/pm).

   _WK McPhee_                              _Tony Woods 224279_
   Serving Officer / Signature / Rank       Inmate's Signature / AIS Number

6. Witnesses desired?   NO _____   YES **X** _Tony W_
                         Inmate's Signature              Inmate's Signature

7. If yes, list: **ERIC ORR B/182754**

8. Hearing Date **2/22/07**   Time **7:06 pm**   Place **Shift Ofc**

9. Inmate must be present in Hearing Room. If he/she is not present explain in detail on additional page and attach.

10. A finding is made that inmate (is / is not) capable of representing himself.
    _Arnet Nickey Lt_
    Signature / Hearing Officer

11. Plea: _____ Not Guilty   _Tony W_ Guilty

12. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.
    _Arnet Nick, Lt_
    Signature / Hearing Officer

13. Arresting Officer's testimony (at the hearing):  Inmate Woods checked in from a squad. I conducted a search of him, to include his shoes. Inside the tongue of his right tennis shoe, I confiscated $35 in US currency. When asked where the money came from he stated that he found it on the highway. He claimed the money and it was frozen on his PMOD account.

14. Inmate's Testimony:  I'm going to plead guilty, but I want to explain where the money came from. I was out working and my shoes had tore up. I put on another pair from the shop. There are several pairs of shoes at the shop. I picked one pair to put on and when I checked in the money was in there. I didn't know the money was in there. Q: Why did you state the money belonged to you because you found it? A: Because I knew ya'll wouldn't believe me, but the supervisor said ya'll could call him and he'd tell you about the extra shoes.

Witness: Eric Orr, #182754    Substance of Testimony:  We came in the shop at lunch and wood's shoes were wet. He got a pair of shoes out of the shop. I had walked with him all day along the highway and he didn't have the money.

Witness: N/A    Substance of Testimony: _____

Witness: N/A    Substance of Testimony: _____

15. The inmate was allowed to submit written question to all witnesses. Copy of questions and answers are attached.
    _____
    Signature / Hearing Officer

16. The following witnesses were not called  - Reason not called
    1. N/A
    2.
    3.

17. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
    The Hearing Officer finds that: On February 13, 2007, inmate Tony Woods, BM/224279, checked in from a community squad with $35 in US currency concealed inside his right tennis shoe tongue and claimed he found the money while working. Such action as described in this case is not permitted at FLYC and constitutes a violation of Rule #64, Possession of Contraband.

18. Basis for Finding of Fact: The Hearing Officer accepts the inmate's plea of guilty.

19. Hearing Officer's Decision:  __X__ Guilty  _____ Not Guilty

20. Recommendation of Hearing Officer: (30) days loss of store, visitation and telephone privileges. (30) days Extra Duty on Second Shift. No loss of GT (Balance = 28 days).

    _____
    Signature / Hearing Officer
    Lt. Janet Hicks
    Typed Name and Title

21. Warden's Action – Date _MARCH 1, 2007_
    Approved _____
    Disapproved _____
    Other (specify) _____

22. Reason if more then 30 calendar days delay in action. _____

23. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above Named inmate on this the _____ day of _____ 20__, at (time) _____ (am / pm).

    _____     _____
    Signature / Serving Officer / Title        Inmate's Signature and AIS Number

Annex C to AR 403 (Page 3 of 5)

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT

| 1. Institution: Frank Lee Youth Center | 2. Date: 1-18-2007 | 3. Time: 2:47 p.m. | 4. Incident Number: FLYC-07-039 | Class Code: C |
|---|---|---|---|---|
| 5. Location Where Incident Occurred: **Chapel** | | 6. Type of Incident: Possession of Contraband | | |
| 7. Time Incident Reported: 3:12 p.m. | | 8. Who Received Report: Lt. Janet Hicks  *Janet Hicks, COS1* | | |

9. Victims:  Name / AIS No.
a. N/A
b.
c.

10. Suspects: Name / AIS No.
a. Steven Walters   B/167890
b.
c.
d.
e.

11. Witnesses: Name / AIS No.
a. N/A
b.
c.
d.
e.
f.
g.

PHYSICAL EVIDENCE:

12. Type of Evidence
sweat shirt

13. Description of Evidence:
(1) white hooded sweat shirt

14. Chain of Evidence:
a. From: inmate Walters
b. To: Sgt. Nathan Parrish
c. To: Inmate Property room
d.
e.

15. Narrative Summary: On 1-18-2007, at approximately 2:47 p.m. Sgt. Nathan Parrish was assisting with the strip searches of the community squads as they checked in from work. Inmate Steven Walters BM/167890 was strip searched by Sgt. Nathan Parrish in the chapel as he (inmate Walters) checked in from Millbrook Parks and Rec. squad. Sgt. Parrish found and confiscated (1) white hooded sweatshirt from inmate Walters clothing. This is a violation of ADOC and Institutional Rules and Regulations. At approximately 3:12 p.m. Sgt. Parrish reported the aforementioned to Lt. Janet Hicks the on duty shift commander. Inmate Walters was summoned to the office and questioned by Lt. Hicks. Inmate Walters stated "I thought the sweat shirt belonged to my Muslim brother, I was trying to help him." Inmate Walters was given a property sheet for the shirt and the shirt was placed in the inmate property room. Inmate Walters was informed that he would receive a disciplinary rule violation #64, Possession Of Contraband. Inmate Walters was removed from his job and placed on the job board. Disciplinary action pending.

Nathan Parrish, CS  *Nathan Parrish*

Distribution: ORIGINAL AND ONE (1) COPY to Central I & I Division
COPY to Institutional File
COPY to Deputy Commissioner of Operations (Class A and B ONLY)
COPY to Central Records Office

ADOC form 302-A — June 1, 20?

668

Alabama Dept. Of Correction
Major Institutions – Behavior Citation   FLYC07-039

| INMATE: Steven Walters | AIS: B/M167890 | CELL/DORM/BED # : B03-A |
|---|---|---|

FACILITY: **FRANK LEE YOUTH CENTER**

| The above named inmate is cited by: Sgt. Nathan Parrish |
|---|
| For the following violation(s) of institutional /departmental rule(s) as described: Rule #64; Possession of Contraband. You inmate Steven Walters BM/167890, were strip searched by Sgt. Nathan Parrish in the chapel as you were checking in from Millbrook Parks & Rec. squad. Sgt. Parrish found and confiscated (1) white hooded sweat shirt from your clothing. |

| Date of Infraction: 01/18/2007 | Time of Infraction: 2:47 p.m. |
|---|---|

Nathan P___, CS. 1/28/07
Citing Employee's Signature/Date

I have investigated the circumstances surrounding this citation and recommend that the following sanction(s) be taken against this inmate.

☐ Counseling/Warning  ☑ Loss of Telephone privileges 60 days.
☑ Loss of Canteen privileges for 60 days. ☐ Removal from incentive program.
☑ Loss of Visiting privileges for 60 days. ☐ Removal from Hobby Crafts.
~~☐ Extra duty for 60 days at 2 hours per day under supervision of 2nd shift~~
☐ Wear pink clothing for _____ days (Indecent Exposure/Exhibitionism)**

Steven Walters /167890                    (Shift Supervisor's Signature/Title/Date)
Inmate's Signature/AIS/Date
1-30-07

**Wearing of Pink Clothing must be approved by the Warden

After having reviewed this citation and the recommended sanction(s) presented, the following action is approved.

☐ Citation and sanctions are approved.
☑ Citation and sanctions are approved as modified below:
REDUCE SANCTIONS TO 30 DAYS LOSS of PHONE, CANTEEN
& VISITING. ELIMINATE EXTRA DUTY
☐ Citation and sanctions are disapproved and formal disciplinary action is to be immediately initiated under the provisions of ADOC AR 403.
☐ Citation and sanctions are disapproved. Expunge action from inmate's file.

1-31-07 Thru 3-2-07                          (signature) 1-31-07
Effective Date of Sanctions                   Warden/Designee's Signature/Date

Inmate's receipt of completed action: Steven Walters 167890 1-30-07
                                        Inmate's Signature/AIS/Date
Serving Officer's Initials: _____

Distribution: ☐ Captain    ☐ Shift Commander _____ shift.    ☐ Business Office
              ☐ Psychologist  ☐ Classification            ☐ Central Records

ENTERED 2-1-07

Annex A to AR 414

psychologist. If an assessment has been done, and the inmate has been deemed capable of understanding the disciplinary process, then determine if the inmate is capable of acting in his/her own defense. If the inmate is not capable of acting in his/her own defense, then appoint an on-duty ALDOC employee to assist the inmate. If the inmate is provided assistance, the hearing may be delayed up to five (5) working days, if requested. Neither other inmate's nor free-world counsel may represent an inmate in a disciplinary hearing. Complete item 10 on the Form 225B. In any case where a disciplinary or rule violation has been voided or otherwise overturned as a result of a technicality or due process violation, but where the behavior indicates the need for a more restrictive placement or custody, classification and/or the Central Review Board may classify the offender as deemed appropriate based upon the specific act or behavior itself.

D. Adjudication - A major violation may be adjudicated with a behavioral citation in accordance with AR 414 provided the following conditions are met:

   1. There is no injury to staff during the incident or as a result of the violation.

   2. No consequences arise which result in the loss or destruction of property and security of the institution.

   3. There is no serious injury to inmates as a result of the violation or incident.

   4. The violator is not likely to receive disciplinary segregation.

   5. With written justification any combination of the Citing Officer, Receiving Supervisor, or the Warden or his/her designee, determines that a behavioral citation is appropriate due to circumstances of the incident or violation.

E. For mental health inmates deemed competent to participate in the disciplinary process, the disciplinary hearing officer will consider the mental health evaluation and any pertinent recommendations prior to determining the inmate's guilt or innocence in making a disposition of the case. The institutional psychologist will be contacted for clarification, if the hearing officer has questions about recommendations. If the inmate is found guilty, the hearing officer may impose punishment and/or refer the inmate for treatment.

F. The disciplinary process will not proceed for an inmate deemed incompetent. The process will be suspended until the inmate has been restored to competency. The institutional psychologist will advise the disciplinary hearing officer when the inmate has been restored to competency, and the disciplinary hearing process can proceed. If the inmate has not been restored to competency within six months, information regarding the rule violation and the inmate's inability to proceed with the disciplinary hearing will be documented in an incident report. The incident report will be filed in the inmate's institutional file. The disciplinary report will be removed from the file and no further action will be taken.

G. Referral for a mental health consultation to the disciplinary process may be made: 1) at the time of the rule violation, 2) when review of the disciplinary report identifies the inmate as